HANG CHEN, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, U.S. Department
of Justice, Respondents.

No. 08-0146-ag.

United States Court of Appeals,
Second Circuit.

July 14, 2008.

Henry Zhang, New York, New York, for
petitioner.

Gregory G. Katsas, Acting Assistant At-
torney General, Civil Division; Cindy S.
Ferrier, Senior Litigation Counsel; P. Mi-
chael Truman, Trial Attorney, Office of
Immigration Litigation, Civil Division, U.S.
Department of Justice, Washington, D.C.,
for respondents.

PRESENT: Hon. RALPH K.
WINTER, Hon. CHESTER J. STRAUB,
Hon. DEBRA ANN LIVINGSTON,
Circuit Judges.

### SUMMARY ORDER

Petitioner Hang Chen, a native and citi-
zen of the People's Republic of China,
seeks review of a December 12, 2007 order
of the BIA affirming the December 6, 2006
decision of Immigration Judge ("IJ")
Douglas B. Schoppert denying his applica-
tion for asylum, withholding of removal,
and relief under the Convention Against
Torture ("CAT"). *In re Hang Chen*, No.
A 97 513 054 (B.I.A. Dec. 12, 2007), *aff'g*
No. A 97 513 054 (Immig.Ct.N.Y.City, Dec.
6, 2006). We assume the parties' familiari-
ty with the underlying facts and procedur-
al history in this case.

When the BIA issues an opinion that
fully adopts the IJ's decision, this Court
reviews the IJ's decision. *See, e.g., Chun
Gao v. Gonzales,* 424 F.3d 122, 124 (2d
Cir.2005). We review the agency's factual
findings, including adverse credibility find-
ings, under the substantial evidence stan-
dard, treating them as "conclusive unless
any reasonable adjudicator would be com-
pelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007) (per curiam).[1] However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that substantial evidence supports the agency's adverse credibility finding. The IJ accurately observed that Chen testified repeatedly on direct-examination that he and his father were arrested and detained in 2004, but stated in his written application—as his father stated in his letter—that those events occurred in 2005. The IJ reasonably rejected Chen's explanation that he had forgotten the date of the events because they happened "several years ago," given that those events occurred only a year prior to his 2006 merits hearing. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, because this inconsistency involved the crux of Chen's claim that he was persecuted in 2005 on account of his practice of Falun Gong, it provided substantial evidence supporting the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Similarly, the IJ correctly observed that Chen's testimony that his father never stopped practicing Falun Gong after his 1999 detention was inconsistent with his written application and his father's letter which indicated that he stopped practicing Falun Gong immediately after his detention, resuming only in February 2004. We find no support for Chen's assertion that the IJ misstated the record on this matter. Thus, this inconsistency supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Moreover, in finding Chen's testimony not credible, the IJ also reasonably relied on the absence of any other evidence corroborating his claim that he was persecuted for his practice of Falun Gong. Chen's failure to corroborate his testimony in this manner bore on his credibility, because his deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). While Chen submitted a letter from his father, the IJ appropriately declined to give that letter weight when his father was not available for cross-examination and had not attested to the letter's contents. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Given that substantial evidence supports the agency's adverse credibility determination, the agency permissibly denied Chen's applications for asylum, withholding of removal, and CAT relief to the extent they rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

---

1. Applications filed on or after May 11, 2005 are governed by the REAL ID Act of 2005. *See* REAL ID Act, Pub.L. No. 109–13, Div. B, §§ 101(a), (b), 119 Stat. 231, 302–03 (amending 8 U.S.C. § 1158). Chen contends that his right to due process was violated when the BIA applied the standard set forth in the REAL ID Act in reviewing his claim. The record reflects that Chen's asylum application was received by the immigration court well beyond the enactment of the REAL ID Act. Thus, the BIA appropriately found that review of Chen's claim was governed by the provisions of the REAL ID Act. *See id.; see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 n. 2 (2d Cir.2006) (per curiam).

Lastly, because Chen has failed to meaningfully raise before this Court the agency's denial of his CAT claim based on his illegal departure, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Chen's pending motion for a stay of removal in this petition is DISMISSED as moot.